UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00028-H

| | | |
|---|---|---|
| LORRAINE BEST and SUNSHINE HOME CARE, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **ORDER** |
| THE BEACON CENTER, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion for Reconsideration [DE-46] filed by Darryl G. Smith on September 29, 2011. Mr. Smith seeks reconsideration of the Court's September 29, 2011 Order [DE-43], which denied Mr. Smith's September 22, 2011 Motion to Withdraw [DE-42] as attorney of record for Plaintiffs.

In denying Mr. Smith's original motion to withdraw, the Court found: (1) that Mr. Smith had failed to adequately show good cause for requesting withdrawal; and (2) that discharging Mr. Smith with so little notice prior to a mediation scheduled for September 30, 2011 would adversely affect Plaintiffs, particularly so because Plaintiff Sunshine Home Care, Inc., as a business entity, would not be allowed to proceed *pro se*. September 29, 2011 Order at 1-2 [DE-43]. In his motion for reconsideration, Mr. Smith asserts that "it appears that Plaintiffs have retained the services of another attorney, Mr. James Wrenn of the Wake County Bar[,] . . . [who] has made an appearance in this case on behalf of Plaintiffs. This constitutes a substantial change in circumstances since the entry of the Order denying Counsel's Motion to Withdraw and should

be grounds for reconsideration by this Court of Counsel's Motion to Withdraw." Motion for Reconsideration at 1 [DE-46].

The Notice of Appearance [DE-44] filed by James C. Wrenn on September 29, 2011 clearly states that it is a *limited* notice of appearance. *See* Notice of Appearance at 1 [DE-44] (declaring that the notice of appearance was "for the limited purpose of appearing the scheduled mediation between the parties and engaging in settlement negotiations following therefrom"). Nonetheless, Mr. Smith argues that Mr. Wrenn's notice of appearance is sufficient to show good cause for the Court to grant his request for withdrawal. The Court disagrees. The Court does not believe that *any* attorney entering a case on a limited appearance basis the day before a scheduled mediation will have had adequate time to properly prepare. Therefore, the existence of good cause notwithstanding, the Court's opinion that allowing Mr. Smith to withdraw from this case prior to the September 30, 2011 mediation would cause potential prejudice to Plaintiffs remains unchanged. The North Carolina Rules of Professional Conduct clearly state that a lawyer may withdraw *only* if "withdrawal can be accomplished without material adverse effect on the interests of the client," and that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." N.C. Rules of Prof'l Conduct 1.16(c), (b)(1). A mediation is scheduled to take place in this case *tomorrow*, and the time for completing such mediation has already been extended by the Court. *See* September 6, 2011 Order at 1 [DE-40]. Therefore, despite the notice of appearance entered by Mr. Wrenn, the Court finds that Mr. Smith must continue to represent Plaintiffs at this time.

Accordingly, the Motion for Reconsideration [DE-46] filed by Darryl G. Smith is **DENIED**. Mr. Smith is **DIRECTED** to represent Plaintiffs at the September 30, 2011 mediation, and to continue to do so until such time as another attorney files a general notice of

appearance on behalf of Plaintiffs or Mr. Smith is otherwise able to show good cause for his withdrawal, *and* that such withdrawal may be effectuated without any material adverse effect on the interests of Plaintiffs.

This the 29th day of September, 2011.

_____
DAVID W. DANIEL
United States Magistrate Judge